Turley, J.
delivered the opinion of the court. *
It is contended, that the justice had no power to give a judgment in Lawrence county, for the balance of the debt, that it is therefore void, and the execution on it ought to have been quashed. The judgment is void. The act of 1805, c. 66, § 4, contemplates no such proceedings. It says, “that when a judgment shall have been rendered before a justice of the peace, and the defendant shall have removed himself or property to another county, a justice of the peace for that county may, upon the production of an execution on the judgment, accompanied by a certificate from the clerk of the county court of the county where the judgment was rendered, showing that the justice who rendered the judgment and issued the execution, was an acting justice of the peace at the time, issue an execution on the said judgment, for the amount of the judgment and cost, and the cost of the clerk’s certificate. This act clearly contemplates no new judgment, by the justice of the peace, in the county to which the execution is sent, but intends that' he shall issue an execution upon the judgment originally rendered. But as no judgment is required, and the execution might well issue without it, the rendition of the judgment will not vitiate the execution, utile per inutile non viliatur. But it is also said, that the execution issued by the justice of the peace in Lawrence county, ought to have been for the original amount of the judgment in Giles, and that the credit should have been endorsed thereon, whereas, the credit is entered on the face of the execution, and the officer is only commanded to make the balance of the judgment. This is substantially the same thing; an execution, commanding an officer to make one hundred dollars, with a credit endorsed thereon of fifty dollars, is, in fact, an order only to collect fifty dollars; and if the face of the execution shows the amount of the judgment and the credit, and directs the officer to make the balance, it is only commanding him directly to do that, which he would otherwise indirectly have been commanded to do.
The judgment of the circuit court, dismissing the certiorari *20 and discharging the supersedeas, was therefore correct, and must he affirmed.
Judgment affirmed.